**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: MISTY MOUNTAIN VINEYARDS,
INCORPORATED,
<u>Debtor.</u>

| | |
|---|---|
| MARIE L. CERCE,<br><u>Plaintiff-Appellant,</u> | No. 96-1942 |

v.

SECOND BANK & TRUST,
<u>Defendant-Appellee.</u>

In Re: MISTY MOUNTAIN VINEYARDS,
INCORPORATED,
<u>Debtor.</u>

| | |
|---|---|
| MARIE L. CERCE,<br><u>Plaintiff-Appellee,</u> | No. 96-1969 |

v.

SECOND BANK & TRUST,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-95-64-3-C, BK-93-01178-WA3-7)

Submitted: February 10, 1998

Decided: August 4, 1998

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

No. 96-1942 affirmed and No. 96-1969 dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Marie L. Cerce, Appellant Pro Se. Neal Lawrence Walters, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Marie Cerce appeals the district court's order upholding the bankruptcy court's denial of her motion for a refund. After reviewing the record, we find no reversible error. We therefore affirm the order of the district court.

On May 6, 1995, Cerce successfully bid at a foreclosure sale on the principal asset of Misty Mountain Vineyards, Inc. The Appellee, Second Bank & Trust (the bank) held the deed of trust on the property. According to the published terms of the auction, Cerce paid a ten percent deposit of $53,500 and the remainder of Cerce's $535,000 bid was due at closing on May 26, 1995. Unfortunately, Cerce failed to close on May 26, and the bankruptcy trustee declared her bid in default after granting her a two-week extension to obtain financing.

The trustee scheduled another auction for July 17, 1995. Cerce objected to the subsequent auction, and the bankruptcy court held a

2

hearing on Cerce's motion to have the bank cancel the auction and close the sale according to the terms of the May 6, 1995 auction. Cerce acknowledged that she was unable to immediately close with the bank, but asserted that she would obtain financing for settlement by July 19. The bank objected to canceling the auction because Cerce's failure to close had forced the bank to incur additional advertising, legal, and interest expenses. However, the bank offered to assign its rights in the property to Cerce if it were the high bidder at the July 17, 1995, auction, and if Cerce tendered the necessary funds. Cerce accepted the proposal. The bank was the high bidder at the July 17 auction with a bid of $509,477.75. As agreed, the bank assigned its rights in the property to Cerce, and Cerce closed on the sale with the trustee on July 20, 1995. Seven days later, Cerce moved in the bankruptcy court to have her $53,500 deposit from the May 6 auction returned to her. The bank contended that no refund was due because its bid of $509,477.75 reflected the principal and interest then owing, all properly recoverable expenses, and delinquent taxes required to be paid prior to sale, less a credit for the $53,500. The bankruptcy court denied Cerce's motion because Cerce had agreed that terms of the July 17 auction apply to the sale, and therefore Cerce was not entitled to a refund. Accordingly, the bankruptcy court denied Cerce's motion.

Cerce appealed the bankruptcy court's order to the district court asserting that she was entitled to a refund because she should not be liable for advertising expenses, legal fees, taxes, and interest that had accrued since May 26. Thus, Cerce sought a refund of $27,947.75. Finding that the bankruptcy court did not err by finding the additional expenses properly charged to Cerce, the district court affirmed the bankruptcy court's decision that Cerce was not entitled to a refund.

This court evaluates an appeal of a bankruptcy matter from the district court directly, without being bound by the district court's determinations.[1] When the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, this court may not reverse the decision to deny Cerce's motion for refund even though convinced that, had this court been sitting as the trier of fact,

_____

[1] See In re Weiss, 111 F.3d 1159 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3316 (U.S. Nov. 3, 1997) (No. 97-366); In re Charfoos, 979 F.2d 390 (6th Cir. 1990).

it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.**2** Additionally, this court reviews the bankruptcy court's conclusions of law de novo. **3**

Applying this standard of review to the bankruptcy court's decision, we find the bankruptcy court did not err by finding that Cerce was not entitled to a refund of monies. The bank offered to assign its rights in the property if it was the high bidder at the auction, and Cerce had the financing. Cerce accepted the proposal; thus, according to the bankruptcy court, agreeing that the terms of the July 17 auction would apply. This is a plausible interpretation because if the bank was not the high bidder, there would have been nothing to assign to Cerce. Additionally, there was no need to conduct the July 17 auction if the parties had merely intended to continue the terms of the May 6 auction. Therefore, the bankruptcy court did not err by denying Cerce's motion for refund.

Finally, it is unnecessary to act upon the bank's cross-appeal; therefore we dismiss appeal No. 96-1969.**4** Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-1942 -- <u>AFFIRMED</u>

No. 96-1969 -- <u>DISMISSED</u>

_____
**2 <u>See Anderson v. Bessemer City</u>** , 470 U.S. 564, 573-74 (1985).
**3 <u>See In re Bryson Properties</u>**, 961 F.2d 496, 499 (4th Cir. 1992).
**4 <u>See In re Weisman</u>**, 5 F.3d 417, 419 (9th Cir. 1993).

4